UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-62273

ANAGO FRANCHISING, INC.

    Plaintiff,

v.

SHAZ, LLC., ECO BUILDING SERVICES, LLC.,
ERIC CONTRERAS, SCOTT SPURGIEZ, and
JASPER FAUSET

    Defendants.
_____/

## MOTION FOR SUMMARY JUDGMENT

Plaintiff, ANAGO FRANCHISING, INC., (hereinafter "ANAGO"), by and through the undersigned counsel, hereby files this Motion for Judgment on the Pleadings against SHAZ, LLC and ECO BUILDING SERVICES (hereinafter, collectively "SHAZ DEFENDANTS") and in support thereof ANAGO states:

1. The Eleventh Circuit Court, in (case name and no.) (hereinafter "the ORIGINAL LAWSUIT") after a full evidentiary entered an Order Denying the Motion to Compel[1], on July 22, 2010, finding that there had been a prior breach of the settlement agreement by the SHAZ DEFENDANTS.

2. The findings of fact in that Order are binding upon the parties to this lawsuit and support ANAGO's request for Judgment on the Pleadings regarding liability.

3. The Court's Order started with a procedural history. Specifically the Court noted:

   a. On February 3, 2009, a mediation conference was conducted at which time a settlement was reached on all claims in this case.

   b. The financial terms of the Settlement Agreement, as proposed by the parties, were not set forth in the Final Judgment and were, by agreement of the parties, to remain confidential.

---

[1] See previously filed attached **Exhibit A** in [DE] 30..

    c. The Court notes that the Settlement Agreement executed on February 3, 2009, was filed under seal as an attachment to defendants' motion to compel compliance. However, defendants' motion itself appears to violate the confidentiality agreement of the parties in advance of any proceedings or rulings by the Court on this motion by disclosing purported financial terms of the Settlement Agreement. Defendant makes no explanation for this disclosure and did not even attempt to file this motion for compliance under seal to prevent further disclosure of financial terms of the Settlement Agreement. Nevertheless, and for this reason, the Court has now sealed all pleadings relating to this motion as well as the court proceedings conducted on this matter.

    d. On July 6, 2009, defendants filed a motion to reopen this case and to compel Anago's compliance with the Settlement Agreement.

    e. On July 7, 2010, the Court conducted an evidentiary hearing on defendants' motion to enforce and heard the testimony of several witnesses while receiving certain documents into evidence.

5. The Court then made several factual findings. As to the origin of these findings, the Court stated: These factual findings are based on the testimony of witnesses who testified at the evidentiary hearing including David Povlitz, founder and chief executive officer of Anago; Eric Contreras, former managing partner of Shaz and current managing partner of Eco Building Services; and Cynthia Voytilla, a former account executive at CHMI, an Anago subfranchisor located in Scotsdale, Arizona.

    4. Specifically, the Court found that:

        a. Soon after settling this litigation with Shaz, Povlitz began hearing from other subfranchisors and their clients that Shaz had 'won' this lawsuit with Anago and that Shaz would be keeping its customers. Povlitz contacted Shaz representatives about this and also called his attorney.

        b. On February 10, 2009, Anago's attorney wrote to counsel for Shaz advising that Shaz representatives had made statements to another Anago franchisee in Utah that they had 'won the case and are getting everything.' Anago demanded that such statements cease because they were in violation of the confidentiality provision in the Settlement Agreement.

        c. On February 17, 2009, an attorney for Shaz responded to Anago's 'cease and Desist' letter advising that any statements made by Shaz to other franchisees or clients were 'inadvertent' and made by an individual not present at the mediation conference or familiar with its terms. *See* letter of Melissa L. Bernheim, Exhibit 3 to Anago's Proffer of Proof. Shaz's

      attorney assured Anago 'that the confidentiality provision of the [Settlement Agreement] will be honored on a go-forward basis' and demanded compliance by Anago of certain financial terms in the Settlement Agreement."

  d. Subsequently, Anago learned that the 'inadvertent' disclosure of the result of the mediation conference was made by Eric Contreras, the then-current managing partner of Shaz, who was in constant contact with Shaz representatives at the mediation conference and knew that the Settlement Agreement required confidentiality.

  e. Nevertheless, Contreras, the very next day after the settlement agreement was signed, contacted a Shaz client by electronic mail ("e-mail") to advise that Shaz's differences with Anago were now resolved and that Shaz had 'prevailed' in this case and was 'back to business as usual.' *See* Contreras e-mail to 'Carolyn,' Exhibit 1 to Anago's Proffer of Proof. Eric Contreras then sent similar e-mails to four or five other clients advising the same thing.

  f. Thereafter, Povlitz learned that the 'leak' by Shaz had traveled throughout the entire Anago system. Povlitz's fear that this disclosure would result in adverse effects to Anago were realized when CHMI, Inc., a subfranchisor in Arizona, breached its subfranchise agreement with Anago which resulted in another lawsuit in this district. Anago's lawsuit with CHMI resulted in a judgment against CHMI on January 22, 2010.

5. The Court proceeded to make the following analysis:

  a. Here, the evidence reveals that defendants, not Anago, breached the settlement agreement by violating the confidentiality provision contained therein almost immediately after the agreement was executed on February 3, 2009. As found above, Eric Contreras, in his capacity as managing partner of Shaz, participated in the mediation conference through frequent telephone calls with Shaz representatives present at that conference.

  b. Contreras testified that he was fully aware of the terms of the Settlement Agreement at the time the agreement was signed which included the confidentiality provision at issue here. Contreras also testified that he immediately contacted four or five Shaz clients beginning the day after the settlement conference and advised that Shaz had 'prevailed' in this case.

  c. The Court finds nothing 'inadvertent' about this disclosure; and finds that it clearly violated the confidentiality provision by disclosing the most important 'term' of the mediation-- i.e., that Shaz had 'prevailed' in the case. While this result was not a specific 'term' of the Settlement Agreement, this disclosure was still in clear violation of the confidentiality provision so that Anago was thereafter discharged from all further requirements contained therein. *See Nacoochee Corp. V. Pickett*, 948 So. 2d 26, 30  (Fla. 1st DCA 2006) ("A material breach [of an express term of

      a contract] by one party may be considered a discharge of the other party's obligations thereunder") (*citing Rose Printing Co. v. Haggarty*, 584 So.2d 505  (Fla. 1st DCA 1991 ))."

    d. Defendants offer no reasonable explanation for this prohibited disclosure of the result of mediation."

    e. Again, this Court finds that this disclosure was neither 'inadvertent' nor made by a person not aware of the terms of the settlement agreement at the time it was executed by the parties.

    f. The Court finds that Contreras's contact with several of its clients after the mediation concluded to advise that Shaz had 'prevailed' in this case was in and of itself a serious and significant violation of the confidentiality provisions of the parties which discharged Anago from all further obligations under the Settlement Agreement.

6. Finally, the Court Ruled:

    a. Accordingly, defendant's Motion to Compel Compliance with the Final Mediated Settlement Agreement is DENIED.

7. While it is true that the 11th Circuit Court of Appeals ultimately ruled, in agreement with Anago's prior argument, that the trial Court had no jurisdiction, its findings are nonetheless binding upon the parties.  As such, the grant of Summary Judgment on liability and certain damages are proper as there are no issues of fact or law to be decided in those respective regards.

## MEMORANDUM OF LAW

Where a Court has finally determined facts and issues between parties after having a full opportunity to be heard, those ruling are res judicata and the findings of fact are collateral estoppel that are binding on the parties even where the Court is later reversed for want of jurisdiction.

    **I.**    **Res Judicata**

"A final judgment on the merits bars further claims by parties or their privies based on the same cause of action," under the doctrine of res judicata, *Montana v. United States*, 440 U.S. 147(1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether

they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940). Res judicata encourages reliance on judicial decisions, bars vexatious litigation and frees courts to resolve other disputes. *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Res Judicata applies in the instant action given the 11th Circuit Court of Appeals made specific and detailed factual and legal findings after holding a full hearing. Allowing another Court to re-determine the same matters would allow for the sort of vexatious litigation the doctrine of res judicata aims to prevent. Hence, the Court should rely on this doctrine, in combination with the doctrine of collateral estoppel, to promote judicial efficiency and apply the 11th Circuit's findings in ruling on this Motion for Judgment on the Pleadings.

### II. **Collateral Estoppel**

"While res judicata bars the relitigation of claims, collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998).

Based on this legal principle, it only follows that the legal issues decided by the 11th Circuit, as discussed herein above, cannot be re-litigated in a different jurisdiction. These same legal issues are present in the instant case, upon which Plaintiff is requesting Judgment on the Pleadings. Thus, this Court is bound by those legal findings, and the factual findings upon which they were based, in deciding the present Motion for Judgment on the Pleadings.

### III. **11th Circuit's Holding of Lack of Jurisdiction has no Effect**

In the early case of *M'Cormick v. Sullivant*, 10 Wheat. 192, where it was contended that the decree of the federal district court did not show that the parties to the proceedings were citizens of different States and hence that the suit was *coram non judice* and the decree void, this Court said:

> "But this reason proceeds upon an incorrect view of the character and jurisdiction of the inferior Courts of the United States. They are all of limited jurisdiction; but they are not, on that account, inferior Courts, in the technical sense of those words, whose judgments, taken alone, are to be disregarded. If the jurisdiction be not alleged in the proceedings, **their judgments and decrees are erroneous, and may, upon a writ of error, or appeal, be reversed for that cause. But they are not absolute nullities**."

*Id.*, at 199 (emphasis added). *See also, Skillern's Executors v. May's Executors,* 6 Cranch 267*; Des Moines Navigation Co. v. Iowa Home-stead Co.,* 123 U.S. 552, 557, 559*; Dowell v. Applegate,* 152 U.S. 327, 340*; Evers v. Watson,* 156 U.S. 527, 533*; Cutler v. Huston,* 158 U.S. 423, 430, 431.

This principal has been recognized by the Florida Supreme Court. For example, in the case of, *Finley v. Chamberlin,* 35 So. 1 (Fla. 1903), the Florida Supreme Court stated,

> "The Federal courts are superior courts, but courts of limited jurisdiction, and the facts upon which their jurisdiction rests must appear in the record. Yet, 'if the record fails to show the facts on which the jurisdiction rests, * * * the judgment may be reversed for error upon a direct proceeding for that purpose, **but it is not void**, and cannot be attacked collaterally."

(emphasis added). Citing, *Rice v. Alder-goldman Com. Co.,* 71 Fed. Rep. 151; *Dexter, Horton & co. v. Sayward;* 84 Fed. Rep. 296; *Haug v. Great Northern Ry. Co.,* 102 Fed. Rep. 74; *Dowell v. Applegate,* 152 U.S. 327; 14 Sup. Ct. Rep. 611; *Evers v. Watson,* 156 U.S. 527, 15 Sup. Ct. Rep. 430; *Cutler v. Huston,* 158 U.S. 423, 15 Sup. Ct. Rep. 868. The same is especially true in the instant matter because the SHAZ DEFENDANTS never once challenged the jurisdiction of the Court in making its findings. Throughout its pleadings the SHAZ DEFENDANTS held fast to the jurisdiction being proper. Importantly it was the SHAZ DEFENDANTS that invoked the jurisdiction of the Court when it filed its Motion to compel compliance with the FMSA. Regardless, the case law is clear that the 11th Circuit's self-professed lack of jurisdiction has no effect on the applicability of its findings.

### IV. CONCLUSION

For the reasons stated herein above, Plaintiff, ANAGO respectfully requests this Court enter an Order granting in all respects Plaintiff's Motion for SummaryJudgment.

Dated:  June 24, 2013

                                            s/ JOSEPH D. GARRITY
                                            Joseph D. Garrity, Esq. (Fla. Bar. 87531)
                                            jgarrity@gwlawfirm.net
                                            Garrity-Weiss, PA
                                            1002 E. Newport Center Dr., Ste. 102
                                            Deerfield Beach, FL  33442
                                            (954) 570-6616 Tel.
                                            (954) 570-6618 Fax
                                            *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 24, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/ JOSEPH D. GARRITY
                                            Joseph D. Garrity, Esq.
                                            Florida Bar No. 87531
                                            jgarrity@gwlawfirm.net

## **SERVICE LIST**

**Robert Einhorn, Esq.**
Zarco, Einhorn, Salkowski, & Brito, P.A.
100 SE 2nd Street, 27th Floor
Miami, FL 33131
(305) 374-5418
(305) 374-5428
mbernheim@zarcolaw.com