UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-62273

ANAGO FRANCHISING, INC.

    Plaintiff,

v.

SHAZ, LLC., ECO BUILDING SERVICES, LLC.,
ERIC CONTRERAS, SCOTT SPURGIEZ, and
JASPER FAUSET

    Defendants.
_____/

## ANAGO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, ANAGO FRANCHISING, INC., ("Anago"), by and through undersigned counsel, hereby files this Reply in Support of its Motion for Summary Judgment ("Reply") against SHAZ, LLC, ECO BUILDING SERVICES, LLC, ERIC CONTRERAS, SCOTT SPURGIEZ, and JASPER FAUSET (collectively "Shaz Defendants"). In support thereof, Anago states the following:

### PRELIMINARY STATEMENT

The facts and legal issues raised herein have been reviewed by various federal judges. Not once have any issues been resolved in favor of Defendants. The scarce resources of the Court and parties involved – and well-enshrined legal principles – cannot support Defendants' fruitless exercise of re-litigating factual findings that have been concluded between the same parties, in the same judicial district, on the same issues, with the same witnesses, by the same attorneys. Anago is entitled to finality.

# **INTRODUCTION**

The key issue for this Court to consider is whether a memorandum order rendered in the Southern District of Florida, resulting from a full evidentiary hearing, reviewed by two federal judges, can have preclusive effect against a party where the order was later vacated on jurisdictional grounds only, and the party chose not to appeal certain factual and legal findings.

Defendants' they were not given "a full and fair opportunity to litigate the facts at issue." (D.'s Resp. at 2.) In view of the tangled procedural history of this case, spanning three (3) federal forums over the course of three (3) years, Defendants' argument does not hold water. A full and fair opportunity to litigate includes only the *opportunity* to appeal, "if the loser wants it." *See Algonquin Power Income Fund v. Christine Falls of N.Y., Inc.*, 362 Fed. Appx. 151, 155 (2d Cir. N.Y. 2010); *Burstein v. Rumball*, 297 Fed. Appx. 918, 920 (11th Cir. 2008). Defendants chose not to appeal as clearly erroneous virtually any key facts established by the court in the district court proceeding. [1] Defendants cannot now come before this Court and claim that they did not have the opportunity to fully and fairly litigate their claims.

Characteristically, Defendants' other arguments similarly promise far more than they can deliver. Defendants proclaim that Vacated Orders simply "cannot" have preclusive effect. Defendants direct this Court to a full page string citation. Defendants argue that because vacated orders "have been vacated" they are "unable to get appellate review." (D's Resp. at 7.) Upon

---

[1] For example, Defendants filed an Initial Brief but chose not to challenge the proffer of Mr. Contreras' e-mail into evidence establishing breach of confidentiality, or Mr. Contreras' testimony establishing the same. The only legal issue relating to the instant motion that was raised on appeal concerns the "materiality" of the breach. This Court may resolve this legal issue on summary judgment. *See* Fed. R. Civ. P. 56.

closer examination, however, it is clear that Defendants' second point is precisely the same as their first point, that is, that they have purportedly been deprived of an opportunity to fully litigate. Defendants' position is not only factually false, but more importantly, among the expansive string citations and tiresome hyperbole, Defendants have not cited a single case to support their position that ***their own failure to challenge facts on appeal*** constitutes a "lack of opportunity to litigate." It does not.

Finally, this Court should consider carefully the timeline at issue in the instant matter. Despite Defendants best attempt to obscure the simple fact, it must be noted that Defendants breached confidentiality by various actions taken in February, 2009. Claims by Defedants that Anago revealed confidential terms of the FMSA in March and April of 2009, and in 2010, are wholly irrelevant. (D's Resp. at 12.)[2]

## MEMORANDUM OF LAW

### I.   Defendants Chose To Forego Appeal of Certain Factual Findings.

Defendants' full and fair opportunity to litigate is inescapably framed by the contents of their appeal in the Parallel Case. *See* Defendants' Initial Brief. (D.E. 44-1.) In the Initial Brief, Defendants appeal only the following factual issues relevant to breach of the confidentiality provision of the Final Mediated Settlement Agreement:

- Whether "Contreras's **_e-mail_** stating that Shaz 'prevailed' in its 'differences with Anago' indicated that Appellants prevailed in this case." (D.E. 44-2.) (emphasis supplied).

---

[2] Particularly disingenuous is Defendants' claim that "Anago cannot prove that any such 'leak' was caused by Defendants where there is incontrovertable evidence that Anago itself disclosed the terms of the FMSA." *Id*. Defendants deliberately omit that their "incontrovertable evidence" occured ***subsequent*** to the leak by Defendants. (D's SOF ¶ 5; D.E. 44-2.)

- Whether hearsay can preclude the testimony that "Povlitz began hearing from other subfranchisors and their clients that Shaz had 'won' this lawsuit and would be keeping its customers."

- Whether hearsay can preclude the testimony that "Povlitz learned that the 'leak' by Shaz had traveled throughout the entire Anago system." [3]

(Initial Brief at 8.)

However, the *admission* of the Contreras E-mail into evidence has not been challenged on appeal. Contreras's *testimony* has not been challenged on appeal either. The following findings of fact have also not been challenged by Anago on appeal:

- "**The confidentiality provision was very important to Anago** because disclosure of the financial terms contained therein could result in significant loss of business to Anago with other franchisors in the Anago system."

- "On February 17, 2009, an attorney for Shaz responded to Anago's 'cease and Desist' letter advising that any statements made by Shaz to other franchisees or clients were 'inadvertent'…. Shaz's attorney assured Anago 'that the confidentiality provision of the [Settlement Agreement] will be honored on a go-forward basis' and demanded compliance by Anago of certain financial terms in the Settlement Agreement."

- "Subsequently, Anago learned that **the 'inadvertent' disclosure of the result of the mediation conference was made by Eric Contreras**, the then-current managing partner of Shaz, who was in constant contact with Shaz representatives at the mediation conference and **knew that the Settlement Agreement required confidentiality**." (emphasis supplied).

- "Contreras testified that he was fully aware of the terms of the Settlement Agreement at the time the agreement was signed which included the confidentiality provision at issue here. ***Contreras also testified that he immediately contacted four or five Shaz clients beginning the day after***

---

[3] Whether Mr. Povlitz's testimony constitutes hearsay is a red herring. It does not detract from Contreras's independent testimony, *see infra*, and the Court's findings relating to the same. Similarly, Povlitz's testimony that the "leak" traveled throughout the entire Anago system is an issue **relating to <u>amount</u> of damages**, which is equally irrelevant to Anago's Motion for Summary Judgment.

- *the settlement conference and advised that Shaz had 'prevailed' in this case*." (emphasis supplied).

- "***The Court finds nothing 'inadvertent' about this disclosure; and finds that it clearly violated the confidentiality provision by disclosing the most important 'term' of the mediation***-- i.e ., that Shaz had 'prevailed' in the case. (emphasis supplied).

- "***Defendants offer no reasonable explanation for this prohibited disclosure*** of the result of mediation." (emphasis supplied).

- "The Court finds that ***Contreras's contact with several of its clients after the mediation concluded to advise that Shaz had 'prevailed' in this case was in and of itself a serious and significant violation*** of the confidentiality provisions of the parties which discharged Anago from all further obligations under the Settlement Agreement." (emphasis supplied).

*See Anago Franchising, Inc. v. Shaz, LLC*, Case No. 0:08-cv-61445-MGC (S.D. Fla. 2008), D.E. 123, D.E. 134; Initial Brief at 8.

Despite Defendants' exercise of appellate review, Defendants **chose not to appeal** the foregoing findings of facts as clearly erroneous. *See, e.g., Cygnus Telecomms. Tech., LLC v. Telesys Communs., LLC (In re Cygnus Telecomms. Tech., LLC, Patent Litig.*), 536 F.3d 1343, 1350 (Fed. Cir. 2008) ("preclusion cannot be defeated by electing to forgo an available opportunity to appeal") (citation omitted). As a consequence, the findings of fact must have preclusive effect. *See, e.g., Banner v. United States*, 238 F.3d 1348, 1355 (Fed. Cir. 2001) (where a party "chose not to appeal" the party was not prevented from having a "full and fair" opportunity to litigate an issue.)

## II.  Materiality of the Breach Exists As a Matter of Law.

Once the Court establishes that confidentiality was the "most important" term to Anago, and that "serious and significant violation of the confidentiality provisions" exists, *see supra*, this Court must necessarily conclude that materiality of the breach exists as a matter of law. *See, e.g.,*

*LaSalle Bank Nat'l Ass'n v. CIBC Inc.*, 2012 U.S. Dist. LEXIS 18503 (S.D.N.Y. Feb. 14, 2012) (in the context of a contractual breach, "'material' means important or significant"); *Lary v. United States Postal Serv.*, 472 F.3d 1363, 1367 (Fed. Cir. 2006) ("In determining materiality courts often look to whether the breached obligation is an important part of the contract. A breach is material when it relates to a matter of vital importance, or goes to the essence of the contract.") (internal citation and quotations omitted). Because the facts have established the importance of the confidentiality provision to Anago, and the severity of its violation, a material breach of the Final Mediated Settlement Agreement has established as a matter of law. *See* Second Am. Compl.

In addition, the following conclusion of the district court was unchallenged on appeal by Defendants and must be given preclusive effect as a further breach of contract: "The Court notes that the Settlement Agreement executed on February 3, 2009, was filed under seal as an attachment to defendants' motion to compel compliance. However, defendants' motion itself appears to violate the confidentiality agreement of the parties in advance of any proceedings or rulings by the Court on this motion ***by disclosing purported financial terms of the Settlement Agreement***." *See Anago Franchising, Inc. v. Shaz, LLC*, Case No. 0:08-cv-61445-MGC (S.D. Fla. 2008), D.E. 123 fn. 3; Initial Brief at 8-9. (e.s.)

### III. A Vacated Order Does Not Have Preclusive Effect *Only To the Extent Of The Grounds Upon Which It Was Vacated*.

Defendants' full-page string citation, D.'s Resp. at 8, is disingenuous at best. At worst it is a misrepresentation of controlling authority. Defendants fail to explain that its cases apply only the situation where a vacated judgment concerns ***the same issue*** being given preclusive effect. It is obvious that if an appellate court vacates a lower court's ruling on the merits of a particular

issue, the ruling on *that same issue* after being vacated cannot be given preclusive effect in another court.

However, this bears no similarity to the present case. Federal precedent is clear that where a judgment is overturned *on other grounds* (*e.g.*, jurisdiction, rather than breach of contract), the doctrine of issue preclusion applies to bar re-litigation of the other issue which was already fully and fairly litigated. *See, e.g.*, *McNally v. Colo. State Patrol*, 122 Fed. Appx. 899, 903-904 (10th Cir. 2004) (where case "reversed for reasons unrelated to the merits of the [issue] determination, issue-preclusion doctrine is still applicable."); *Grudzinski v. Staren*, 87 Fed. Appx. 508, 512 (6th Cir. 2004) (where state court findings are "actually and necessarily adjudicated by the state court in deciding that it lacked jurisdiction," the findings are given preclusive effect by the district court."); *Finley v. Chamberlin*, 35 So. 1, (Fla. 1903) ("if the record fails to show the facts on which the jurisdiction rests, the judgment may be reversed for error upon a direct proceeding for that purpose, but it is not void, and cannot be attacked collaterally.")

## IV.     The Instant Case Was Already Decided on The Merits

Defendants again inaccurately cite controlling case law which plainly has no application to the instant matter. See D.'s Resp. at 9. Defendants cite *North Ga. Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432 (11th Cir. 1993) and *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) to support the position that "jurisdictional dismissal precludes only re-litigation of the grounds for dismissal." This position is an incomplete rendition of the holding of the referenced cases, however. Unlike the present matter, Both *Okoro* and *North Georgia* **were never decided on the merits**, because they were dismissed by the trial court ***only*** for jurisdictional reasons. As such, the courts in both cases held that the parties were precluded only from

challenging jurisdiction. Defendants attempt to stretch these inapposite holdings, but they do not succeed.

## V.     Defendants Are Collaterally Estopped From Challenging Damages

Finally, Defendants utilize a substantial amount of real estate arguing that Anago has not proved its damages. (D's Resp. at 12-18.) However, Defendants argument is collaterally estopped. Magistrate Bandstra and District Judge Cooke already heard the testimony and argument of the parties and consequently found that "adverse effects to Anago [from Defendants' confidentiality breach] were realized when CHMI, Inc., a subfranchisor in Arizona, breached its subfranchise agreement with Anago which resulted in another lawsuit." As such, the element of damages has already been established. Defendants have not appealed the factual finding establishing the element of damages. Although the extent and amount of damages will require further proceedings, this is by no means an obstacle to summary judgment in that Anago has prevailed on the elements of its claim for breach of contract. *See* Rule 56(a).

## **CONCLUSION**

Defendants want a "do-over" to avoid the application of facts and law already litigated before Magistrate Bandstra, Judge Cooke, Judge Moore, and a three-judge appellate panel. Defendants' re-litigation of the same facts and issues in the same court will have no effect other than creating a colossal waste of time and judicial resources, and delaying the administration of justice. by The doctrine of issue preclusion is specifically designed to prevent this. Anago's Motion for Summary Judgment must be granted accordingly.

Dated:  July 25, 2013

                                          Respectfully submitted,

                                          s/ MARLON J. WEISS
                                          Joseph D. Garrity, Esq. (Fla. Bar. 87531)
                                          jgarrity@gwlawfirm.net
                                          Marlon J. Weiss, Esq. (Fla. Bar No. 49057)
                                          mweiss@gwlawfirm.net
                                          Garrity-Weiss, PA
                                          1002 E. Newport Center Dr., Ste. 102
                                          Deerfield Beach, FL  33442
                                          (954) 570-6616 Tel.
                                          (954) 570-6618 Fax
                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 25, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/ MARLON J. WEISS
                                          Marlon J. Weiss, Esq.
                                          Florida Bar No. 49057
                                          mweiss@gwlawfirm.net

## SERVICE LIST

**Robert Einhorn, Esq.**
Zarco, Einhorn, Salkowski, & Brito, P.A.
100 SE 2nd Street, 27th Floor
Miami, FL 33131
(305) 374-5418
(305) 374-5428
reinhorn@zarcolaw.com